651 A.2d 218

**Walter STENHACH, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 1994.

Decided Nov. 30, 1994.

As Amended Dec. 1, 1994.

George Stenhach, for appellant.

David R. White, Asst. Counsel–Appellate Section, and Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Walter Stenhach (Appellant) appeals from an order of the Court of Common Pleas of Potter County (trial court) which affirmed the Commonwealth of Pennsylvania, Department of Transportation's (DOT) suspension of Appellant's motor vehicle operating privileges for one year. We affirm.

On the morning of October 1, 1993, two officers of the Pennsylvania State Police stopped Appellant for speeding. The troopers noticed an odor of alcohol on Appellant's breath. Thereafter, they administered Appellant a pre-arrest breath test as well as two field sobriety tests. Following Appellant's failure of these tests, the officers arrested Appellant and took him to Charles Cole Memorial Hospital for chemical testing.

At the hospital, Appellant refused to fill out either a DL-26 form [1] or a standard hospital consent form. A hospital employee thereafter attempted to draw blood from Appellant, even though he had not signed either form. On both occasions, Appellant refused to submit to a blood test by pulling his arm away just as the needle was going to enter his arm. The troopers viewed Appellant's actions as a refusal and transported him out of the hospital. As a result of this refusal, DOT suspended Appellant's operating privileges for a period of one year. [2]

Following a hearing, the trial court affirmed Appellant's suspension. The trial court held that DOT had sustained its

---

1. A DL-26 form is a standard form used by DOT which contains both implied consent warnings concerning chemical testing and an explanation that an individual does not have the right to consult an attorney before signing the form.

2. This suspension was pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1). This section mandates an individual's driver license be suspended if, after being placed under arrest for driving under the influence of alcohol, that individual refuses to submit to chemical testing.

burden of proving that Appellant refused to submit to chemical testing.

■ On appeal to this Court, Appellant raises, essentially, two issues.[3] First, Appellant asserts that the absence of the hospital employee's testimony at the hearing violates his "right to cross-examine," [4] and, second, that the record below lacks the substantial evidence to support the finding that Appellant's fear of needle cleanliness is justification for refusing to submit himself to chemical testing.

First, Appellant asserts that the trial court failed to allow his "right to cross-examine" because DOT failed to present the testimony of the hospital employee who was to withdraw Appellant's blood. DOT counters this argument by asserting that the trial court did not err because Appellant does not have this right in a civil case. We agree.

■ This Court has repeatedly ruled that the Sixth Amendment right to confront and cross-examine witnesses does not apply to license suspension proceedings, such as the one at issue, as they are not penal in nature, but rather civil proceedings. *Yi v. Department of Transportation, Bureau of Driver Licensing,* 164 Pa.Commonwealth Ct. 275, 642 A.2d 625 (1994).[5] Further, the record before the trial court clearly contains enough first-hand testimony by the state trooper who was present in the hospital room during Appellant's refusal, that the hospital employee's testimony is not legally necessary.

■ Appellant's second argument alleges that his refusal to submit to a blood test is a valid justification because he feared

3. Our scope of review in a driver's license suspension case is limited to a determination whether the findings of fact of the trial court are supported by competent evidence or whether an error of law or an abuse of discretion was committed by the trial court in reaching its decision. *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

4. Appellant's brief at p. 8. It must be noted that Appellant fails to assert any constitutional doctrine, case law or statutory authority in support of this position.

5. *See also Ploof v. Commonwealth,* 139 Pa.Commonwealth Ct. 235, 590 A.2d 1318 (1991).

the needle to be used was not sterile.[6] DOT counters this argument by citing numerous decisions of this Court which have held each of Appellant's concerns invalid.[7] Because the cases DOT cites are on point, we hold that the trial court did not err as a matter of law in holding that Appellant did not have a valid defense for this refusal.

DOT requests this Court to award it counsel fees and interest, pursuant to Pa.R.A.P. 2744.[8] DOT asserts that Appellant has pursued this appeal frivolously, as his arguments raise questions that are settled law. This Court has held that a "frivolous" appeal is one which is void of a justiciable question, has no merit, and little or no likelihood of success. *Hewitt v. Commonwealth of Pennsylvania,* 116 Pa.Commonwealth Ct. 413, 541 A.2d 1183 (1988).[9]

We find Appellant's appeal to be frivolous for several reasons. First, Appellant's brief contains neither case precedent nor statutory authority to support his position. Indeed, it is difficult for this Court to ascertain exactly what legal theories Appellant posits. A brief which lacks legal support

6. Appellant poses this argument in the form of two separate issues. We have combined them, however, as they assert, essentially, the same issue.

7. Fear of AIDS is not a valid defense to refuse chemical testing, *McCullough v. Department of Transportation, Bureau of Traffic Safety,* 122 Pa.Commonwealth Ct. 415, 551 A.2d 1170 (1988); fear of needles or fear of infection also is not a valid defense to submit to chemical testing, *Department of Transportation, Bureau of Driver Licensing v. Mease,* 148 Pa.Commonwealth Ct. 14, 610 A.2d 76 (1991).

8. Rule 2744 states:
   In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
   (1) a reasonable counsel fee and
   (2) damages for delay at the rate of 6% per annum in addition to legal interest,
   if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellant court may remand the case to the trial court to determine the amount of damages authorized by this rule.

9. *See also Polinsky v. Department of Transportation,* 131 Pa.Commonwealth Ct. 83, 569 A.2d 425 (1990).

for an argument alone is grounds to find an appeal frivolous; [10] however, Appellant's argument also presents no justiciable question. Indeed, Appellant's brief only recites his version of the facts and does not directly point to inadequacies of the trial court decision. It is not the position of this Court to determine a legal argument when one is not presented in a clear and concise manner.[11] Therefore, we have no alternative but to find Appellant's appeal frivolous. Therefore, DOT is entitled to an award of reasonable counsel fees.

Accordingly, the order of the trial court is affirmed and this case is remanded to the trial court to determine the amount of fees Appellant is to pay to DOT pursuant to Pa.R.A.P. 2744.[12] Additionally, DOT is hereby ordered to reinstate the suspension of Appellant's operating privileges for a period of one year, pursuant to Section 1547(b)(1) of the Vehicle Code.

## ORDER

AND NOW, this 30th day of November, 1994, the order of the Court of Common Pleas of Potter County is affirmed and this case is remanded to the trial court to determine the amount of fees to be paid to the Department of Transportation pursuant to Pa.R.A.P. 2744 by Appellant and his counsel jointly and severally. Additionally, the Department of Transportation is hereby ordered to reinstate the suspension of Appellant's operating privileges for a period of one year, pursuant to Section 1547(b)(1) of the Vehicle Code.

Jurisdiction relinquished.

---

10. *Zeitlen v. Commonwealth, Department of Transportation,* 106 Pa.Commonwealth Ct. 170, 525 A.2d 876 (1987).

11. *See generally:* Pa.R.A.P. 2119.

12. See Footnote 8 for text of Pa.R.A.P. 2744, which allows this Court to remand a case to the trial court for determination of the amount of damages owed.