Robert MARTIN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Robert MARTIN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 12, 1996.

Decided Feb. 29, 1996.

---

William Patrick Scott, for Appellant.

Timothy P. Wile, Assistant Counsel In-Charge, for Appellee.

Before COLINS, President Judge, FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Robert Martin (Licensee) appeals from an order of the Court of Common Pleas of Chester County (trial court) denying his appeal from a one and one-half years suspension of his driving privilege pursuant to Section 1532(c) of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1532(c).[1] We affirm.

The pertinent facts are not in dispute. On November 16, 1994, Licensee was sentenced to a term of incarceration of two to twenty-three months plus fines, costs and community service for a conviction involving posses-

sion of a controlled substance. As a result of his conviction, the Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) suspended Licensee's operating privilege.

On appeal to the trial court, Licensee asserted that the suspension of his driver's license following his conviction and sentence constituted a second punishment prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[2] Citing the case of *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Licensee argued that the imposition of a license suspension under Section 1532(c) of the Code served punitive and deterrent purposes without any remedial objective and constituted a second punishment prohibited by the Double Jeopardy Clause.

The trial court did not agree. It interpreted *Halper* to mean that a disproportionate penalty *could*, under certain circumstances, transform an otherwise fair penalty into a severe second punishment prohibited by the Double Jeopardy Clause. The trial court did not believe that the automatic imposition of a license suspension as a consequence of a drug conviction constituted the type of second punishment contemplated by the Court in *Halper*. The trial court denied Licensee's appeal, stressing that the Commonwealth neither subjected Licensee to a separate non-criminal proceeding nor did it impose a sanction that was grossly disproportionate to the underlying offense.

On appeal to this Court,[3] Licensee once again contends that his operating privi-

---

1. Section 1532(c) states:
   **Suspension.** —The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state.
   (1) The period of suspension shall be as follows:
   (i) For a first offense, a period of six months from the date of the suspension.
   (ii) For a second offense, a period of one year from the date of the suspension.
   (iii) For a third and any subsequent offense thereafter, a period of two years from the date of suspension.

2. The Double Jeopardy Clause reads, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ..." U.S. Const. amend. V.

3. We note that Licensee was convicted of two counts of possession of a controlled substance. DOT suspended Licensee's operating privilege for six months based on his conviction for the first count and for one year based on his conviction for the second count. When Licensee appealed the suspensions to this Court, the cases were consolidated by order dated November 21, 1995.

lege suspension constituted a second conviction prohibited by the Double Jeopardy Clause. In reviewing a driver's license suspension case, our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether its findings of fact are supported by competent evidence. *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

This appears to be an issue of first impression. In similar cases, where the Government's actions potentially raise substantial double jeopardy concerns, courts have considered two questions: whether the defendant's conviction and the related penalty constituted separate "proceedings" and whether the penalty constituted a "punishment." *Cf. United States v. $405,089.23 United States Currency,* 33 F.3d 1210 (9th Cir.1994) (Ninth Circuit considered these issues in the context of a civil forfeiture action which accompanied a criminal prosecution). If the answer to both questions is yes, then the Government's actions constitute separate attempts to impose punishment in violation of the Double Jeopardy Clause. *United States v. Ogbuehi,* 897 F.Supp. 887 (E.D.Pa.1995).

■ In addition to protecting an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense, *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Double Jeopardy Clause also protects against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Halper,* the United States Supreme Court emphasized that in order to trigger the protection of the Double Jeopardy Clause, it is critical that the Government seeks the civil penalty in a second proceeding. The Court explained:

> Since a legislature may authorize cumulative punishment under two statutes for a single course of conduct, the multiple-punishment inquiry in the context of a single proceeding focuses on whether the legislature actually authorized the cumulative punishment ... On the other hand, when the Government already has imposed a criminal penalty and seeks to impose additional punishment in a second proceeding, the Double Jeopardy Clause protects against the possibility that the Government is seeking the second punishment because it is dissatisfied with the sanction obtained in the first proceeding.

*Id.* at 451, n. 10, 109 S.Ct. at 1903 n. 10 (citations omitted).

■ In the present case, Licensee argues that his conviction and license suspension were imposed in separate proceedings. We do not agree. As applied, Section 1532(c) of the Code does not afford DOT discretion in this regard. *Plowman v. Department of Transportation, Bureau of Driver Licensing,* 535 Pa. 314, 635 A.2d 124 (1993). The Legislature has authorized DOT to suspend a driver's license upon proper notification of a conviction and, in this context, license suspensions flow automatically from criminal convictions. Although Licensee's conviction and suspension did not occur at the same time, they clearly resulted from a single undertaking. Consequently, there is no danger that the Commonwealth sought the license suspension because it was dissatisfied with the result of the prosecution.

Because Licensee failed to show that his conviction and operating privilege suspension were separate proceedings, the restrictions of the Double Jeopardy Clause have no relevance to his case. Additionally, because Licensee did not fulfill the first prong of our analysis, we need not address the remaining portion of his argument.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, February 29, 1996, the order of the Court of Common Pleas of Chester County is hereby affirmed.

FLAHERTY, J., concurs in result only.