**Joseph ZALEWSKI, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 22, 2000.
Decided Jan. 31, 2001.

---

Marian R. Ragusa, Newtown, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Harrisburg, for appellee.

Before COLINS, Judge,
PELLEGRINI, Judge and McCLOSKEY,
Senior Judge.

McCLOSKEY, Senior Judge.

· Joseph Zalewski (Licensee) appeals from an order of the Court of Common Pleas of Bucks County (trial court), denying his appeal and directing the Department of Transportation, Bureau of Driver Licensing (DOT) to reinstate the one-year suspension of his operating privilege imposed by DOT pursuant to Section 1532(b)(3) and Article IV(a)(2) of Section 1581 of the Vehicle Code (Code), 75 Pa. C.S. §§ 1532(b)(3), 1581.[1] We affirm.

The underlying facts of this case are not in dispute. On December 18, 1999, Licensee was arrested in Plainsboro Township, Middlesex County, New Jersey and charged with violating N.J.S. § 39:4–50 (relating to driving under the influence of liquor or drugs).[2] On February 2,

---

1. Section 1532(b)(3) of the Code provides that DOT "shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance)...." Article IV(a)(2) of Section 1581 of the Code addresses the Driver's License Compact (the Compact), an agreement among most of the states to promote compliance with each party state's motor vehicle laws, and provides that "[t]he licensing authority in the home state, for the purposes of suspension, ... shall give the same effect to the conduct reported ... as it would if such conduct had occurred in the home state in the case of convictions for ... driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug...."

2. N.J.S. § 39:4–50 provides, in pertinent part, as follows:
(a) [A] person who operates a motor vehicle while under the influence of intoxicating liquor ... or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood ... shall be subject:
(1) For the first offense, to a fine of not less than $250.00 nor more than $400.00 and a

2000, Licensee appeared in the Plainsboro Township Municipal Court and entered a plea of guilty to this charge with a "civil reservation."[3] The Municipal Court in New Jersey thereafter convicted Licensee and entered his plea with this "civil reservation."[4] As both New Jersey and Pennsylvania are members of the Compact, authorities in New Jersey reported the conviction to authorities in Pennsylvania, as required by Article III of the Compact.[5]

Pursuant to Article IV(a)(2) of the Compact, DOT treated the out-of-state conviction as if Licensee had been convicted under Section 3731 of the Code, 75 Pa.C.S. § 3731, Pennsylvania's statute prohibiting driving under the influence. DOT proceeded to issue Licensee a notice dated March 10, 2000, advising him that his operating privilege within the Commonwealth was being suspended for a period of one year as a result of his New Jersey conviction. The effective date of this suspension was April 14, 2000.

Licensee filed a statutory appeal of his suspension with the trial court. The trial court conducted a hearing *de novo* on June 22, 2000. At this hearing, DOT introduced into evidence, without objection, a packet of documents, duly certified and under seal, from the Secretary of Transportation. The packet included a copy of the notice received from authorities in New Jersey detailing Licensee's charged offense and subsequent conviction. The trial court then heard oral argument from the parties. Shortly thereafter, by order dated June 27, 2000, the trial court denied Licensee's appeal and directed DOT to reinstate the one-year suspension.

Licensee then filed a notice of appeal with the trial court. Subsequently, on September 14, 2000, the trial court filed an opinion in support of its order, rejecting Licensee's challenge under Article III of the Compact regarding the sufficiency of the report received from the authorities in New Jersey. In so doing, the trial court noted the General Assembly's amendment to Section 1584 of the Code, 75 Pa.C.S. § 1584, eliminating the need for reporting states to convey all the information specified under Article III, and specifically rejected Licensee's constitutional challenge to the same. Further, the trial court rejected Licensee's claims that said amendment constituted an improper unilateral amendment of the Compact, that his conviction in New Jersey with a "civil reservation" bars a suspension of his operating privilege in this Commonwealth,[6] as well as

---

period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day ... in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than six months nor more than one year.

3. Pursuant to New Jersey Rule of Court 7:6–2(a)(1), a trial court may accept a guilty plea with a civil reservation. Specifically, this Section provides that, "Upon the request of the defendant, the court may, at the time of the acceptance of a guilty plea, order that the plea shall not be evidential in any civil proceeding."

4. Licensed was sentenced to pay a fine and costs. In addition, Licensee's operating privilege in New Jersey was suspended for a period of six months.

5. Article III of the Compact provides as follows:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute ... violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered ... and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581, Article III.

6. With respect to this argument, the trial court noted that the same was recently considered and rejected by this Court in *Bourdeev v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 59 (Pa.Cmwlth. 2000).

his claim concerning the lack of reciprocity between the New Jersey and Pennsylvania suspensions.[7]

 On appeal to this Court,[8] Licensee reiterates the arguments he presented to the trial court. First, Licensee argues that the trial court erred as a matter of law in denying his appeal as the amendment to Section 1584 of the Code, allowing DOT to take action based on out-of-state conviction reports that do not conform to the requirements of Article III of the Compact, violates his right to due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution as well as the Constitution of this Commonwealth. More specifically, Licensee argues that said amendment does not provide him with adequate information to prepare an effective defense. We disagree.

██ As indicated above, Article III of the Compact provides that the licensing authority of a Compact party state "shall report each conviction of a person from another party state" to the appropriate licensing authority in that person's home state and that said report shall contain

certain identifying information.[9] Section 1584 of the Code addresses the furnishing of information to other Compact party states. Prior to the amendment, this Section only addressed the Commonwealth's and DOT's obligation to "furnish to the appropriate authorities of any other [Compact] party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the compact." However, a second sentence was added by the amendment, providing that "[t]he omission from any report received by [DOT] from a [Compact] party state of any information required by Article III of the compact shall not excuse or prevent [DOT] from complying with its duties under Articles IV and V of the compact." [10]

Furthermore, this issue has been squarely addressed by our Supreme Court's recent decision in *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000). In *McCafferty*, the Court considered, *inter alia*, what information is required in order for DOT to comply with Article III of the Compact.[11] In this regard, the Court stated as follows:

7. With respect to this argument, the trial court cited to our Supreme Court's decision in *Petrovick v. Department of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999), as well as our decision in *Kiebort v. Department of Transportation, Bureau of Driver Licensing*, 719 A.2d 1139 (Pa. Cmwlth.1998), *reversed*, — Pa. —, 764 A.2d 18 (2001) for support.

8. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 684 A.2d 539 (1996).

9. Such identifying information includes the convicted person's name, the violation, the relevant statute, the court that heard the action and the ultimate determination of that court.

10. This amendment became effective on December 21, 1998, prior to Licensee's conviction, the receipt of the notice of conviction

from New Jersey authorities and Licensee's suspension hearing before the trial court. Hence, Licensee was subject to this amendment. *See Touring v. Department of Transportation, Bureau of Driver Licensing*, 712 A.2d 349 (Pa.Cmwlth.1998) (the controlling date for application of the provisions of the Compact is the date of conviction, not the date of offense). This amendment was necessitated by this Court's holdings in several cases mandating strict compliance with all of the reporting requirements of Article III of the Compact. *See, e.g., Mazurek v. Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998); *Hook v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 381 (Pa.Cmwlth.1998); *Staples v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 892 (Pa. Cmwlth.1998), *petition for allowance of appeal denied*, 558 Pa. 635, 737 A.2d 1228 (1999).

11. The Court in *McCafferty* noted the General Assembly's recent amendment to Section 1584 of the Code. However, the Court held that the amendment was not applicable as the

Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on PennDOT only when it is the state reporting the conduct, not when it is the home state. . . . It does not prohibit PennDOT, as the licensing authority in the home state, from relying on the information contained in the report even if the report lacks certain information specified in Article III. . . . [W]e fail to see how the technical, immaterial defects in the report here rendered PennDOT's suspension of appellee's license erroneous.

*Id.* at 1164–65 (footnote omitted). In other words, the Court in *McCafferty* held that Article III of the Compact does not prohibit DOT from relying on information contained in an out-of-state report even if the report lacks certain information specified in Article III. *See also Renna v. Department of Transportation, Bureau of Driver Licensing*, 762 A.2d 785 (Pa. Cmwlth., 2000). The Court in *McCafferty* explained that, where the missing information would not "shed any light on the conduct underlying [the] conviction," DOT is not precluded from performing its duties under the Compact. *McCafferty*, 563 Pa. at 163, 758 A.2d at 1164. The Court further held that such omission of information does not deprive licensees of procedural due process so long as the licensees "knew exactly what was happening to them and why." *McCafferty*, 563 Pa. at 161, 758 A.2d at 1163.[12]

Here, the notice of conviction received from the authorities in New Jersey provided Licensee's name, gender, date of birth, eye color, as well as the summons number, the section of the New Jersey statute that was violated, the date of said violation, a description of the offense and the date of the conviction. Similar to *McCafferty*, however, the report from New Jersey was not complete, i.e., it did not identify the court in which the action was taken or the manner in which the conviction was accomplished.

Nevertheless, under *McCafferty*, these omissions do not render the suspension of Licensee's operating privilege erroneous. Moreover, there is nothing in the record to suggest that, when Licensee received the notice of suspension from DOT, he did not know what was happening to him and why. To the contrary, the evidence of record indicates that Licensee was aware of the basis of DOT's suspension.[13] The notice provided by DOT was sufficient to allow Licensee to prepare an effective defense. Thus, we cannot say that the amendment to Section 1584 violated Licensee's right to due process.

■ Next, Licensee argues that the trial court erred as a matter of law in denying his appeal, as the amendment to Section 1584 of the Code constitutes an impermissible unilateral amendment to the Compact. Again, we disagree.

We have previously addressed this issue in *Koterba v. Department of Transportation, Bureau of Driver Licensing*, 736 A.2d 761 (Pa.Cmwlth.1999), *petition for allowance of appeal denied*, 561 Pa. 703, 751 A.2d 195 (2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 53, 148 L.Ed.2d 21 (2000). *See also Renna.* In *Koterba*, we were presented with a question of the enforceability of the Compact as it relates to the Compact Clause of the United States Con-

same was not enacted until after the appellees'/licensees' convictions in that case.

**12.** The Court in *McCafferty* noted that "[t]he due process clause does not create a right to be deliberately obtuse as to the nature of a proceeding." *McCafferty*, 563 Pa. at 161, 758 A.2d at 1163.

**13.** Licensee specifically informed the trial court at the beginning of the *de novo* hearing that he had "entered a plea of guilty to driving while intoxicated in New Jersey with a civil reservation." (R.R. at 3a). Moreover, this plea with a "civil reservation" was a basis for one of Licensee's challenges to DOT's suspension. (R.R. at 3a–6a).

stitution.[14] We explained in *Koterba* that the Compact Clause was "directed to the formation of any combination tending to the increase of political power in the states, which may encroach upon or interfere with the just supremacy of the United States." *Koterba*, 736 A.2d at 764 (quoting *Virginia v. Tennessee*, 148 U.S. 503, 519, 13 S.Ct. 728, 37 L.Ed. 537 (1893)).

Ultimately, we concluded "without hesitation that the [Compact] is not the sort of interstate agreement for which the compact clause mandates congressional approval." *Koterba*, 736 A.2d at 765. Further, we concluded that "[n]either the sharing of information among states regarding serious motor vehicle offense convictions nor the regulation by each individual state of the driving privileges of its own citizens threatens the supremacy of the United States." *Id.* Moreover, as noted by DOT in its brief to this Court, the entire Compact is set forth in Section 1581 of the Code. The subsequent sections of the Code, including Section 1584, are simply interpretive and implementing provisions designed to guide DOT in the conduct of its duties under the Compact. *See Harrington v. Department of Transportation, Bureau of Driver Licensing*, 563 Pa. 565, 763 A.2d 386 (2000). The General Assembly was free to amend these provisions and we cannot say that such amendments constitute impermissible unilateral amendments to the Compact.

■ Next, Licensee argues that the trial court erred as a matter of law in denying his appeal, as the proposed Commonwealth suspension violates his constitutional right of equal protection. More specifically, Licensee argues that his equal protection rights have been violated because if his offense had occurred within this Commonwealth, he would have been eligible for the Accelerated Rehabilitative Disposition (ARD) program rather than the automatic one-year suspension imposed by DOT.

However, Licensee's argument in this regard is without merit. This Court has previously held on numerous occasions that no equal protection rights are violated just because ARD would have been available to a Licensee in Pennsylvania. *See Pepperling v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 310 (Pa.Cmwlth.1999); *Kiebort; Sutherland v. Commonwealth*, 45 Pa.Cmwlth. 490, 407 A.2d 1364 (1979). The rationale behind those decisions was that the discretion exercised by the authorities before a criminal case proceeds to trial is irrelevant once there is a conviction. Once DOT receives a report of a conviction, it treats all drivers the same, regardless of whether the offense occurred in this state or another party state, imposing the same one-year suspension. Thus, we cannot say that Licensee's equal protection rights have been violated.

■ Finally, Licensee argues that the trial court erred as a matter of law in denying his appeal, as the proposed Pennsylvania suspension violates the Full Faith and Credit Clause of the United States Constitution, as well as additional provisions of both the United States and Pennsylvania Constitutions, including freedom from double jeopardy.[15] Once more, we disagree.

---

14. The Compact Clause provides as follows:

> No state shall, without the Consent of Congress, lay any Duty of Tonnage, keep Troops, or Ships of War in time of Peace, enter into any Agreement or Compact with another State, or with a foreign Power, or engage in War, unless actually invaded, or in such imminent Danger as will not admit of delay.

U.S. Const. Art. I, Section 10.

15. In framing this argument, Licensee points to additional constitutional protections, including freedom from selective prosecution, freedom from cruel and unusual punishment and the interstate commerce clause. However, Licensee failed to properly develop any arguments with respect to these protections in his brief. Nor did Licensee attempt to explain how these protections were violated. Hence, any issues regarding these protections have been waived. *Radman v. Common-*

With respect to the Full Faith and Credit Clause, Licensee specifically argues that his conviction in New Jersey with a "civil reservation" bars a suspension of his operating privilege in this Commonwealth. However, as the trial court astutely noted, we have recently considered and rejected this same argument. *See Bourdeev.* In this regard, we emphasize that under the Full Faith and Credit Clause, this Commonwealth must honor another state's determination of guilt or innocence. However, the civil consequences following conviction which that state chooses to impose need not be given the same deference. Such consequences are, at best, a public policy decision of that state. To hold otherwise would allow the New Jersey legislature to control the operating privilege of drivers within this Commonwealth. Indeed, this is a matter which properly rests in the discretion of our own General Assembly.

With respect to double jeopardy, Licensee specifically argues that the imposition of the one-year suspension by DOT in accordance with the Compact violates double jeopardy by imposing an additional suspension for an out-of-state conviction that already carried a suspension of operating privilege in that party state, e.g., a one-year Pennsylvania suspension and a six-month New Jersey suspension. However, both our Supreme Court and this Court have also previously considered and rejected this argument. *See Plowman v. Department of Transportation, Bureau of Driver Licensing,* 535 Pa. 314, 635 A.2d 124 (1993); *Smega v. Department of Transportation, Bureau of Driver Licensing,* 727 A.2d 154 (Pa.Cmwlth.1999).

The double jeopardy clauses of the United States and Pennsylvania Constitutions prohibit multiple punishments only for the same criminal offense. *Smega.* As the Supreme Court explained in *Plowman,* as did we in *Smega,* the imposition of

*wealth,* 135 Pa.Cmwlth. 401, 580 A.2d 480 (1990), *petition for allowance of appeal denied,* 528 Pa. 614, 596 A.2d 160 (1991) (issues not

the suspension in this Commonwealth automatically follows a notice of conviction from another state. There is no separate proceeding in this Commonwealth for double jeopardy purposes. Moreover, while a license suspension is a consequence of a conviction for driving under the influence, it is a civil consequence and not a "punishment" within the meaning of double jeopardy. Thus, we cannot say that the imposition of the one-year suspension by DOT in accordance with the Compact violates double jeopardy. Nor can we say that Licensee's conviction in New Jersey with a "civil reservation" bars a suspension of his operating privilege in this Commonwealth.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 31st day of January, 2001, the order of the Court of Common Pleas of Bucks County is affirmed.

properly raised and developed in briefs will not be considered).