**John A. VENAFRO, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 8, 2002.
Decided March 25, 2002.
Reconsideration Denied May 17, 2002.

Vincent J. Giusini, Philadelphia, for appellant.

Marc A. Werlinsky and Timothy P. Wile, Asst. Counsel In–Charge, King of Prussia, for appellee

Before LEADBETTER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

SIMPSON, Judge.

John A. Venafro (Licensee) appeals from the August 17, 2001 order of the Court of Commons Pleas of Philadelphia County (trial court) that denied his statutory appeal from the Department of Transportation's (PennDOT) one-year suspension of his operating privilege imposed pursuant to Section 1532 of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3) and Article IV(a)(2) of the Driver's License Compact (Compact), 75 Pa.C.S. § 1581. On appeal, Licensee contends that the license suspension by PennDOT violated the double jeopardy clauses of the United States and Pennsylvania Constitutions. We affirm, and we conclude that the appeal is frivolous and remand for a determination of counsel's fees and costs to be awarded.

On August 26, 2000, Licensee was convicted of driving while intoxicated (DWI) in violation of N.J.S. § 39:4–50(a). Pursuant to Article III of the Compact, New Jersey reported Licensee's conviction to PennDOT. By letter dated October 19, 2001, PennDOT notified Licensee of the one-year suspension of his operating privilege as a result of his New Jersey DWI conviction for an offense equivalent to a violation of Section 3731(a) of the Vehicle Code. A timely appeal followed.

■ The trial court held a *de novo* hearing on August 17, 2001. At the hearing, PennDOT offered and the trial court received into evidence a packet of certified documents including an electronic report of out of state driver violations evidencing Licensee's New Jersey DWI conviction. Licensee did not testify. Over PennDOT's objection, the trial court also admitted into evidence a copy of a civil reservation entered pursuant to Licensee's plea in New Jersey.[1] At the conclusion of the hearing, the trial court denied Licensee's appeal and reinstated the one-year suspension of his operating privilege. This appeal followed.[2]

■ Licensee argues that the trial court erred when it determined that the imposition of a suspension of his driving privilege based on a DWI conviction does not violate the Double Jeopardy Clauses of either the United States or Pennsylvania Constitutions. Licensee conceded that PennDOT is permitted to impose a subsequent one-year suspension of his driving privilege. Licensee argues, however, that "[t]hough the Department had a right to impose this additional suspension, as this Court has consistently held, the application and effect of that suspension is violative of Defendant's rights as a criminal defendant in the New Jersey proceedings and hence, is vio-

---

1. The "civil reservation" issue has been decided. *See, Bourdeev v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 59 (Pa.Cmwlth.2000), *aff'd,* 566 Pa. 591, 782 A.2d 539 (2001) (holding that a foreign conviction for driving under the influence, obtained by a motorist entering a guilty plea pursuant to a civil reservation, could be used by PennDOT as a basis for suspending a motorist's operating privileges). *See also, Dennery v. Department of Transportation, Bureau of Driver Licensing,* 791 A.2d 1279 (Pa. Cmwlth.2002) (Friedman, J.).

2. Our review in a license suspension case is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law were committed, or whether the trial court committed an abuse of discretion in making its determination. *Turner v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 903 (Pa. Cmwlth.1996).

lative of the United States Constitution...." Brief of Appellant at 7. Licensee argues that PennDOT imposed the one-year suspension 43 days after the six-month New Jersey suspension was imposed. This effectively nullified the 43 days already served since, without his valid Pennsylvania driver's license, Licensee will be unable to drive in New Jersey.

Licensee's argument is without merit. The law is well settled that Compact-based suspensions of operating privileges do not violate double jeopardy protections. In *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000), our Supreme Court held that a Compact-based suspension does not violate federal or state constitutional protections. Since operating privilege suspensions are collateral civil consequences of criminal convictions, the Commonwealth, as a sovereign state, "may impose a separate sanction beyond that imposed by the other state without violating the Double Jeopardy Clause." *Id.* at 1160. In a very thorough and well-written opinion, the trial judge relied on *McCafferty*. R.R. at 28a.

Prior to *McCafferty*, we issued several decisions holding that Compact-based suspensions of operating privileges do not violate double jeopardy. We first rejected the double jeopardy argument in *Correll v. Department of Transportation, Bureau of Driver Licensing*, 726 A.2d 427 (Pa. Cmwlth.1999) (*en banc*), *aff'd*, 564 Pa. 470, 769 A.2d 442 (2001), holding that because an operating privilege suspension is a collateral civil consequence of the criminal conviction, it "does not constitute punishment within the meaning of the double

jeopardy clause." *Id.* at 429. In *Smega v. Department of Transportation, Bureau of Driver Licensing*, 727 A.2d 154 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 560 Pa. 734, 745 A.2d 1226 (1999), we held that Compact-based suspensions do not violate the double jeopardy clauses of the United States and Pennsylvania Constitutions, based upon the collateral nature of the sanction, the Bureau's lack of discretion under the Compact and the Commonwealth's sovereign status.

Subsequent to *McCafferty*, we again rejected double jeopardy challenges in *Trevlyn v. Department of Transportation, Bureau of Driver Licensing*, 786 A.2d 1040 (Pa.Cmwlth.2001) (holding that the double jeopardy argument was without merit and summarily rejecting the argument based on *McCafferty*); *Ferrelli v. Department of Transportation, Bureau of Driver Licensing*, 783 A.2d 891 (Pa.Cmwlth.2001) (summarily rejecting a double jeopardy argument as a matter of settled law); *Zalewski v. Department of Transportation, Bureau of Driver Licensing*, 767 A.2d 19 (Pa. Cmwlth.2001) and *Crytzer v. Department of Transportation, Bureau of Driver Licensing*, 770 A.2d 820 (Pa.Cmwlth.2001) (recognizing that *McCafferty* upheld the constitutionality of the Compact against, *inter alia*, double jeopardy challenges).

■ PennDOT has requested an award of counsel fees and costs pursuant to Pa. R.A.P. 2744.[3] PennDOT argues that Licensee's appeal is frivolous because Licensee failed to cite any relevant case law to support his double jeopardy argument and ignored the controlling case law.

---

3. Pa. R.A.P. 2744 provides, in pertinent part:
 [A]n appellate court may award as further costs and damages as may be just, including
 (1) a reasonable counsel fee and
 (2) damages for delay at the rate of 6% *per annum* in addition to legal interest, if it determines that an appeal is frivolous or

taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

The text of Licensee's entire argument consists of slightly more than two full pages. Licensee cited four cases for general propositions of law. The only Pennsylvania cases cited in support of his argument are *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971) and *Smega*. Because Compact-based reciprocal suspensions are civil in nature, *Silverman* is easily distinguishable. It is a criminal case dealing with the double jeopardy implications of a sentence modification. Licensee's arguments, likewise, are not supported by *Smega*.

 An appeal that raises an issue that is well settled and presents no legal support is frivolous. *Hewitt v. Commonwealth*, 116 Pa.Cmwlth. 413, 541 A.2d 1183 (1988), *petition for allowance of appeal denied*, 520 Pa. 620, 554 A.2d 511 (1989). A brief that lacks support for an argument and citation to pertinent authority is grounds to find an appeal frivolous. *Stenhach v. Department of Transportation, Bureau of Driver Licensing*, 168 Pa. Cmwlth. 607, 651 A.2d 218 (1994). The failure to disclose contrary legal authority warrants the award of counsel's fees and costs. *Robinson v. City of Philadelphia*, 666 A.2d 1141 (Pa.Cmwlth.1995). Licensee's brief reveals no case that supports his double jeopardy argument. This area of law is well-settled, and there are no appeals of this issue currently pending before the Supreme Court. In fact, the Supreme Court has disposed of this issue in a published opinion. *See McCafferty*. Licensee cited to *Smega*, but made no effort to acknowledge its ultimate holding as contrary legal authority or to distinguish it from this case. Therefore, we conclude that Licensee's appeal is frivolous and that PennDOT is entitled to an award of counsel fees and costs in accordance with Pa. R.A.P. 2744.[4]

Accordingly, we affirm the decision of the trial court and remand the matter to the trial court for the determination of the amount of counsel fees and costs to be paid by Appellant and his counsel jointly and severally to PennDOT.

## ORDER

AND NOW, this 25th day of March, 2002, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter is affirmed and the matter is remanded to the Court of Common Pleas of Philadelphia County to determine the amount of counsel fees and costs to be paid by Appellant and his counsel jointly and severally to the Department of Transportation pursuant to Pa. R.A.P. 2744.

Jurisdiction relinquished.

---

**4.** PennDOT argues in its brief that Licensee waived his double jeopardy argument by raising it for the first time in his Pa. R.A.P. 1925(b) Statement of Matters Complained Of. Although we find Licensee's argument to be frivolous, it was sufficiently preserved for appeal, because it was included in his Rule 1925(b) statement, and because the trial court was given sufficient opportunity to respond to it in its opinion. *See Jara v. Rexworks, Inc.*, 718 A.2d 788 (Pa.Super.1998), *appeal denied*, 558 Pa. 620, 737 A.2d 743 (1999); *Lower Paxton Twp., Bd. of Sup'rs. v. Okonieski*, 153 Pa.Cmwlth. 36, 620 A.2d 602 (1993).