634 A.2d 852

**Dorothy Jean POLLOCK, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted July 2, 1993.

Decided Dec. 3, 1993.

384

Dante G. Bertani, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Dorothy Jean Pollock appeals from an order of the Court of Common Pleas of Westmoreland County which denied her appeal from the Department of Transportation's (DOT) suspension of her operating privileges pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1] The issues presented to this Court are whether the trial court's finding that Pollock did not exhibit any objective manifestations of confusion over her rights and obligations under the implied consent law are supported by substantial evidence; whether the arresting officer gave Pollock warnings which complied with *Commonwealth v. Sorg,* 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270, *appeal denied,* 531 Pa. 657, 613 A.2d 561

---

1. Section 1547(b)(1) provides:

   If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(1992); and whether Pollock made a knowing and conscious refusal to submit to chemical testing.

On March 17, 1992, Pollock was arrested and charged with driving under the influence of alcohol. DOT notified Pollock that her driver's license would be suspended for refusing to submit to chemical testing after her arrest and she appealed to the trial court which held a hearing. DOT presented the arresting officer, Bruce E. Keffer, who testified that he responded to a radio call of a man assaulting a woman in a car. When the officer arrived at the parking lot where the car was located, Pollock was driving out of the lot when he pulled her over. He further stated that he smelled a strong odor of alcohol, noticed that her eyes were glassy and her speech slurred, and that she staggered when she got out of her car and could not stand in one place without losing her balance.

Officer Keffer testified that after Pollock failed three sobriety tests, he arrested her and read from a standard implied consent warning form which informed Pollock that her operating privileges would be suspended for one year if she refused to submit to chemical testing and that she did not have the right to consult with an attorney or anyone else before taking the chemical test. Pollock told Officer Keffer that she understood the warnings but she refused to go to a hospital for a blood test. Officer Keffer reminded Pollock that she would lose her operating privileges for one year if she did not consent to the blood test and she again refused and then signed a chemical test refusal form. Officer Keffer testified that Pollock did not tell him that she did not understand the warnings or that she was confused. DOT also introduced the testimony of Officer James Novak who testified that he assisted Officer Keffer, heard him read Pollock the implied consent warnings, and heard her indicate that she understood the warnings.

Pollock testified that when the officers explained the warnings from the card, she did not understand her rights and the officers did not advise her that refusal to submit to chemical testing would result in a license suspension. Pollock further testified that she did not remember all of the warnings the

police officers gave her because she was hysterical and confused due to a violent fight with her boyfriend before her arrest. Pollock admitted that she signed the chemical test refusal form but stated that she did not read it before signing.

The trial court determined that Pollock did not exhibit any confusion over the warnings provided to her by Officer Keffer concerning her rights and obligations under the implied consent law; Pollock did not request to speak to an attorney or anyone else after receiving the warnings; and the officer gave Pollock warnings that complied with the Pennsylvania Supreme Court's decision in *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992). The trial court denied Pollock's appeal, reinstated DOT's suspension, and vacated a previously issued supersedeas; and Pollock appealed to this Court.

Pollock contends that the trial court's finding that she did not exhibit any confusion over the warnings provided to her concerning her rights and obligations under the implied consent law is not supported by substantial evidence because Officer Keffer testified that he observed red marks on Pollock's neck and she testified regarding her emotional state and fight with her boyfriend.[2] When a licensee appeals a license suspension under Section 1547(b)(1) of the Code, DOT must establish before the trial court that the driver was arrested for driving under the influence of alcohol, was asked to submit to a chemical test, refused to do so, and was specifically warned that refusal would result in his or her license being suspended. *Cartwright v. Commonwealth*, 138 Pa.Commonwealth Ct. 325, 587 A.2d 909, *appeal denied*, 528 Pa. 645, 600 A.2d 196 (1991). If DOT presents sufficient proof of the legal elements required to sustain the suspension, the burden shifts to the licensee to show that he or she was physically incapable of making a knowing and conscious refusal. *Id.* Since DOT presented sufficient proof of the legal elements required to

2. This Court's scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Department of Transportation v. Monohan*, 144 Pa.Commonwealth Ct. 328, 601 A.2d 489 (1991).

sustain the suspension, Pollock bore the burden of proving that she was not capable of making a knowing and conscious refusal to take the test.

As factfinder, the trial court is required to observe witnesses and their demeanor in order to make credibility determinations. *Balthazar v. Department of Transportation, Bureau of Driver Licensing,* 123 Pa.Commonwealth Ct. 435, 553 A.2d 1053 (1989), *appeal denied,* 525 Pa. 586, 575 A.2d 116 (1990). These credibility determinations will not be disturbed if supported by substantial evidence. *Id.* Here, the trial court implicitly found credible the police officers' testimony that Pollock said that she understood her rights and that she never told the officers she did not understand the warnings or that she was confused. The trial court's credibility determination that Pollock did not exhibit any confusion over the warnings provided to her is therefore supported by substantial evidence.

Pollock further contends that the police officer failed to give her proper warnings pursuant to *Sorg.* In *Department of Transportation, Bureau of Driver Licensing v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), the Pennsylvania Supreme Court held that where *Miranda*[3] warnings precede a request to submit to chemical testing or an arrestee requests to speak to an attorney or anyone else when requested to take a chemical test, the police must instruct the arrestee that he or she does not have the right to consult with an attorney or anyone else before taking the test. In *Sorg,* this Court held, inter alia, that when an arrestee is given *Miranda* warnings and demonstrates confusion over those warnings, the police must give an *O'Connell* explanation and also explain that the right to counsel is a constitutional right which applies to criminal proceedings but does not apply to license suspensions because they are civil proceedings; and that the licensee does not have the right to remain silent as to the testing procedures and must affirmatively agree to submit to chemical testing. The Court

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

further stated that where no *Miranda* warnings are given and the arrestee does not overtly manifest confusion, no *O'Connell* warning is required.

This Court en banc modified its holding in *Sorg* in *Department of Transportation, Bureau of Driver Licensing v. Elko*, 155 Pa.Commonwealth Ct. 24, 624 A.2d 717 (1993), in which the Court stated that an *O'Connell* explanation need not use the phrase "civil proceeding;" and in *Kaczorowski v. Department of Transportation, Bureau of Driver Licensing*, 155 Pa.Commonwealth Ct. 36, 624 A.2d 723 (1993), in which the Court held that an *O'Connell* explanation need not state that a refusal to submit to chemical testing may be introduced into evidence in a subsequent criminal proceeding.

Pollock also relies upon *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 149 Pa.Commonwealth Ct. 170, 612 A.2d 634 (1992), *appeal granted*, 533 Pa. 619, 619 A.2d 701 (1993), in which this Court reversed a license suspension where police officers did not give an *O'Connell* explanation to a licensee who was not given *Miranda* warnings. However, *Ingram* is distinguishable from the present case because the licensee there overtly manifested confusion by requesting to speak to his parents or attorney when requested to submit to chemical testing. Since the officers in the matter sub judice did not give Pollock *Miranda* warnings and, as the trial court found, she did not overtly manifest any confusion, *O'Connell* warnings were not required. The trial court therefore did not commit an error of law in determining that the police officer gave Pollock proper warnings.

Also, Pollock asserts that the trial court committed an error of law in determining that her refusal to submit to chemical testing was knowing and conscious. Where a licensee has sustained injuries but does not suffer from an obvious inability to comply with the request to be tested, competent medical testimony is required to prove that a knowing and conscious refusal could not be made. *Department of Transportation, Bureau of Traffic Safety v. Walsh*, 146 Pa.Commonwealth Ct. 461, 606 A.2d 583 (1992). Whether a licensee has satisfied his or her burden is a factual determination to be

made by the trial court. *Id.* A licensee is relieved of this burden only when severe, incapacitating injuries are obvious. *Department of Transportation, Bureau of Driver Licensing v. Garlan,* 121 Pa.Commonwealth Ct. 400, 550 A.2d 873 (1988), *appeal denied,* 522 Pa. 614, 563 A.2d 499 (1989).

Pollock acknowledges that she failed to introduce expert medical testimony regarding this issue and requests that this Court take judicial notice that a woman who had been the victim of a domestic assault, had red marks around her neck and was hysterical would be incapable of making a knowing and conscious refusal to submit to chemical testing. In *Garlan,* this Court held that a police officer's testimony that he observed head injuries and bleeding and the licensee's testimony that he suffered from a concussion, corneal abrasion, bruises, and loss of memory did not establish obvious, severe, and incapacitating injuries; and the licensee was therefore required to present expert medical testimony in support of the claim that his refusal to submit to chemical testing was not knowing and conscious.[4] Pollock's descriptions of her physical and emotional state do not rise to the level of obvious, severe, and incapacitating injuries which relieved Pollock of her burden to introduce expert medical testimony to prove her inability to make a knowing and conscious refusal to submit to chemical testing. The trial court's order is accordingly affirmed.

## ORDER

AND NOW, this 3rd day of December, 1993, the order of the Court of Common Pleas of Westmoreland County is affirmed.

4. *See also Bell v. Department of Transportation, Bureau of Driver Licensing,* 147 Pa.Commonwealth Ct. 157, 607 A.2d 304, *appeal denied,* 533 Pa. 613, 618 A.2d 403 (1992) (licensee's testimony that she was crying, nervous, and confused was insufficient to render her incapable of making a knowing and conscious refusal to submit to chemical testing); *McDonald v. Department of Transportation, Bureau of Driver Licensing,* 130 Pa.Commonwealth Ct. 276, 567 A.2d 1127 (1989) (licensee's testimony that he was petrified after an altercation with an off-duty police officer was insufficient to prove that he was incapable of making a knowing and conscious refusal to submit to chemical testing).