**Serguei BOURDEEV**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 14, 2000.
Decided May 30, 2000.
Reargument Denied Aug. 4, 2000.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered for appellee.

Before PELLEGRINI, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) petitions for review from a determination of the Court of Common Pleas of Philadelphia County (trial court), sustaining the statutory appeal of Serguei Bourdeev (Licensee), from the one-year suspension of his operating privileges. For the reasons that follow, we reverse.[1]

The underlying facts of this case are not in dispute. By letter dated June 17, 1999, Licensee was notified that:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW JERSEY of your conviction on 03/23/1999 of an offense which occurred on 02/03/1999,[2] which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

(R.R. at 13a).[3]

Licensee appealed and the trial court sustained. In its opinion, the trial court emphasized that while Licensee did plead

---

1. By order of this Court dated April 7, 2000, Licensee was precluded from filing a brief in this action.

2. N.J.S. § 39:4–50 addresses driving while intoxicated and provides in part:

   (a) [A] person who operates a motor vehicle while under the influence of intoxicating liquor...or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood...shall be subject:

   (1) For the first offense, to a fine of not less than $250.00 nor more than $400.00 and a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six

   hours each day...in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than six months nor more than one year.

3. Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3), mandates that DOT suspend for one year the operating privilege of any person convicted of violating 75 Pa.C.S. § 3731(a)(relating to driving under the influence of alcohol and/or a controlled substance).

guilty to the driving under the influence (DUI) charges, the plea was nevertheless entered pursuant to a "civil reservation." [4] The trial court concluded that DOT could not rely solely upon the DUI plea entered in New Jersey as a basis for suspension because ignoring the civil reservation would be violative of the Full Faith and Credit Clause of the United States Constitution, U.S. Const., art. IV, § 1.[5]

On appeal,[6] DOT asserts that the civil reservation attached to Licensee's guilty plea does not prevent it from relying upon the conviction as a basis to suspend Licensee's driving privileges under the Driver's License Compact of 1961 (Compact).[7] We agree.

While the New Jersey Rule of Court which allows a civil reservation with guilty pleas prohibits the use of the plea itself in any civil proceeding, it does not bar the introduction of evidence of the *conviction* that resulted from the guilty plea. Clearly, in this case it is the conviction, not the guilty plea, that triggered New Jersey's report to DOT.

Although there appear to be no cases which discuss New Jersey's civil reservation clause in this context, courts have faced similar factual scenarios. For example, in *Eisenberg v. Department of Public Welfare*, 512 Pa. 181, 516 A.2d 333 (1986),

our Supreme Court was asked to determine whether the imposition of a federal court's sentence for mail fraud on a nolo contendere plea constituted a "conviction" warranting the termination of the appellee's contractual right to participate in the Department of Public Welfare's (DPW) program of providing Medicaid benefits.

In its opinion, the *Eisenberg* court discussed the effect of a nolo contendere plea in Pennsylvania. Citing the case of *Commonwealth v. Ferguson*, 44 Pa.Super. 626, 628 (1910), the Court noted:

> A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea as well as upon a plea of guilty.

*Eisenberg*, 512 Pa. at 185, 516 A.2d at 335.

Arguing that the administrative proceeding involving DPW was the equivalent of a civil proceeding, the appellee asserted that his nolo contendere plea could not be used. The *Eisenberg* court disagreed, stating:

> [T]he Department here does not attempt to use the plea as a judicial admission of the fact of fraud. Rather, the conviction

---

4. Pursuant to New Jersey Rule of Court 7:6–2(a)(1), a trial court may accept a guilty plea with a civil reservation. Specifically, this section provides that, "Upon the request of the defendant, the court may, at the time of the acceptance of a guilty plea, order that the plea shall not be evidential in any civil proceeding."

5. The Full Faith and Credit Clause provides:

   Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

6. Our scope of review of a decision in a license suspension case is to determine if the

factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law of an abuse of discretion. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Boucher*, 547 Pa. 440, 691 A.2d 450 (1997). When this Court is presented with a question of law for review, our scope is plenary. *Correll v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 726 A.2d 427 (Pa.Cmwlth.1999).

7. The Compact is an agreement among several states to promote compliance with each party states' motor vehicle laws. 75 Pa.C.S. § 1581, Article I(b)(1)–(2). Pennsylvania became a party state to the Compact in 1996 by adopting Sections 1581–1585 of the Vehicle Code. New Jersey is also a party state to the Compact. N.J.S. §§ 39:5D–1–39:5D–14.

entered upon the plea itself is the operative fact which authorizes suspension. This evidence of the conviction itself is not affected by the procedure leading up to the plea, and it is admissible in this administrative proceeding.

*Eisenberg,* 512 Pa. at 186, 516 A.2d at 336.

■ Because we view a nolo contendere plea in Pennsylvania to be the equivalent of a civil reservation in the state of New Jersey, we find the Supreme Court's decision in *Eisenberg* to be persuasive. As in *Eisenberg,* this case presents a situation in which DOT is merely acting upon the conviction itself. How the conviction came about, i.e., judgment, admission of guilt or plea with civil reservation, is of no import. Hence, we do not believe that the civil reservation has any impact on DOT's suspension of Licensee's driving privileges. *See also Sokoloff v. Saxbe,* 501 F.2d 571 (2 nd Cir.1974)(Drug Enforcement Administration properly relied not upon admission implied by a nolo contendere plea but upon the uncontested fact of the petitioner's conviction when revoking a physician's certificate of registration to distribute drugs); *Rigney v. Edgar,* 135 Ill.App.3d 893, 90 Ill.Dec. 548, 482 N.E.2d 367 (1985)(a Georgia judgment upon a pea of nolo contendere to a DUI charge constituted a conviction for purposes of the Driver's License Compact).

■ In reaching this decision, we do not believe that the Full Faith and Credit Clause has been violated. As the court in *Rigney* recognized, the Full Faith and Credit Clause:

> [D]oes not require a State to subordinate its public policy with respect to persons and their actions within its borders to the laws of any other State, where the enforcement of the right con-

ferred elsewhere would be obnoxious to the public policy of the forum.

*Rigney,* 90 Ill.Dec. 548, 482 N.E.2d at 372.

In light of this Commonwealth's paramount interest in regulating the conduct of its drivers by deterring incidents of drunken driving, we conclude that the guilty plea with civil reservation in New Jersey cannot be used to thwart the suspension of Licensee's driving privileges.[8] Accordingly, the order of the trial court is reversed.

## *O R D E R*

AND NOW, this 30 th day of May, 2000, the order of the Court of Common Pleas of Philadelphia County is hereby reversed.

---

8. If we were to accept the trial court's rationale, a driver licensed in Pennsylvania who is convicted of DUI in New Jersey could simply avoid the repercussions of his or her actions in Pennsylvania by pleading guilty with a civil reservation; clearly, this would be an unacceptable result.