**Gary GIES, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 17, 2000.

Decided April 3, 2001.

Wayne R. Maynard, Philadelphia, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before McGINLEY, Judge, FRIEDMAN, Judge, MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Gary Gies (Gies) appeals from an order of the Court of Common Pleas of Philadelphia County denying his statutory appeal from a one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department). The issue on appeal is whether under the full faith and credit clause of the United States Constitution, Gies' operating privilege in Pennsylvania cannot be suspended for his New Jersey conviction of driving under the influence of alcohol due to the order of the New Jersey Municipal Court precluding admission of such evidence "in any subsequent civil proceeding." We affirm.

The relevant facts are not disputed. On March 19, 1999, Gies was charged in New Jersey with violating N.J.S. § 39:4–50(a) (driving under the influence of intoxicating liquor with a blood alcohol concentration of 0.10% or more). On May 27, 1999, Gies entered a guilty plea "with a civil reservation." Under the New Jersey Rule of Court 7:6–2(a)(1), a court may accept a guilty plea with a civil reservation upon the defendant's request and order that such plea shall not be evidential in any civil proceeding.[1] On May 28, 1999, the New Jersey Division of Motor Vehicles reported Gies' conviction of driving under the influence of alcohol to the Department

---

1. In Pennsylvania, although a plea of guilty or nolo contendere entered in a summary proceeding by a person charged with a violation of the Vehicle Code is inadmissible in any civil matter arising out of the same violation or under the same facts or circumstances, such plea is still admissible in "administrative or judicial proceedings involving the suspension of a motor vehicle or tractor operating privilege...." Section 6142(b) of the Judicial Code, 42 Pa.C.S. § 6142(b).

pursuant to Article III of the Driver's License Compact (Compact), Article III of Section 1581 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1581.

Section 1532(b)(3) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532(b)(3), mandates the Department to suspend the operating privilege of any driver for one year "upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance)...." On June 29, 1999, the Department notified Gies that his operating privilege was scheduled to be suspended for one year for his May 27, 1999 New Jersey conviction pursuant to Article IV(a)(2) of the Compact, which requires the Department to "give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in [Pennsylvania] in the case of conviction for ... driving a motor vehicle while under the influence of intoxicating liquor...." Gies appealed the suspension to the trial court.

While his statutory appeal was still pending, Gies on February 24, 2000 obtained an order of the Longport Borough Municipal Court of New Jersey, which stated that "the evidence of Defendant's guilty plea and conviction on May 27, 1999 for a violation of N.J.S.A. 39:4–50, Driving While Under the Influence of Alcoholic Beverages shall not be admissible against Defendant in any subsequent civil proceeding as provided by R7:6–2(a)(1)."

At a subsequent *de novo* hearing held on April 28, 2000 before the trial court, the Department admitted into evidence a certified copy of the electronically transmitted report of Gies' May 27, 1999 New Jersey

conviction from the New Jersey Division of Motor Vehicles. Gies then submitted a copy of the February 24, 2000 order of the Longport Borough Municipal Court and argued that the evidence of his guilty plea with a reservation and conviction in New Jersey may not be used to suspend his operating privilege in Pennsylvania. After argument of counsel, the trial court denied Gies' appeal.[2]

Gies contends that his operating privilege may not be suspended for his New Jersey guilty plea and conviction because the Department and the Pennsylvania courts are bound by the February 24, 2000 order of the New Jersey Municipal Court prohibiting admission of such evidence under the full faith and credit clause of Article IV, Section 1 of the United States Constitution, U.S. CONST. art. IV, § 1, which provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and *judicial Proceedings* of every other State...." (Emphasis added.)

■ In *Bourdeev v. Dep't of Transportation, Bureau of Driver Licensing,* 755 A.2d 59 (Pa.Cmwlth.2000), this Court held that under the full faith and credit clause of the United States Constitution, the New Jersey Rule of Court 7:6–2(a)(1), under which the New Jersey courts may prohibit the use of the defendant's guilty plea with a civil reservation in any civil proceeding, does not bar the introduction of the evidence of the New Jersey *conviction* in the subsequent license suspension proceeding in Pennsylvania.

Acknowledging our holding in *Bourdeev,* Gies nonetheless argues that *Bourdeev* was incorrectly decided because this Court

---

2. In a license suspension appeal, this Court's scope of review is limited to determining whether necessary factual findings made by the trial court are supported by competent evidence, or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Pollock v. Dep't of Transportation, Bureau of Driver Licensing,* 160 Pa.Cmwlth. 383, 634 A.2d 852 (1993).

in that case improperly equated a guilty plea with a civil reservation in New Jersey with a plea of nolo contendere in Pennsylvania, and that even if *Bourdeev* was correctly decided, the holding in that case is inapplicable because this matter involves not only the applicability of the New Jersey Court Rule as in *Bourdeev*, but also the *judicial order* of the New Jersey court.

■ Gies does not dispute, however, that he was "convicted" of driving under the influence of alcohol in New Jersey by entering a guilty plea with a civil reservation. Moreover, the New Jersey Division of Motor Vehicles reported his plea to the Department as a "conviction." The relevant fact triggering suspension of operating privileges under Article IV of the Compact is the driver's out-of-state "conviction." *Dep't of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000).

■ Under Section 6501(a) of the Vehicle Code, *as amended*, 75 C.S. § 6501(a), the term "conviction" includes "a plea of guilty, a plea of nolo contendere, a finding of guilty by a court or unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court." Further, "[a] payment by any person charged with a violation ... of the fine prescribed for the violation is a plea of guilty." Consequently, Gies' guilty plea with a civil reservation, whether treated as a plea of nolo contendere or a guilty plea, still constitutes a conviction, for which a one-year suspension of his operating privilege is mandated under Section 1532(b)(3) and Article IV of the Compact. As this Court stated, "[h]ow the conviction came about, i.e., judgment, admission of guilt or plea with civil reservation, is of no import." *Bourdeev*, 755 A.2d at 62.

Further, the full faith and credit clause of the United States Constitution does not compel Pennsylvania to give effect to the order of the New Jersey Municipal Court precluding admission of the evidence of Gies' guilty plea and conviction "in any subsequent civil proceeding."

■ "The full faith and credit clause is one of the provisions incorporated into the Constitution by its framers for the purpose of transforming an aggregation of independent, sovereign States into a Nation." *Sherrer v. Sherrer*, 334 U.S. 343, 355, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948). The full faith and credit clause, however, does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter over which it is competent to legislate. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Further, "[f]ull faith and credit ... does not mean that States must adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments." *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 235, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998).

In *Baker by Thomas*, the Michigan court entered a consent decree precluding the witness in the action from testifying against General Motors in any other proceeding. General Motors sought to enforce the Michigan consent decree in the action filed in Missouri involving the third party based on the full faith and credit clause. The United States Supreme Court rejected General Motors' argument and held that the Michigan Court has no authority to shield a witness from the subpoena power of another jurisdiction in an action involving persons and causes outside Michigan's governance. The Court stated: "Recognition, under full faith and credit, is owed to dispositions Michigan has authority to order. But a Michigan decree cannot command obedience else-

where on a matter the Michigan court lacks authority to resolve." *Id.* at 240–41, 118 S.Ct. 657.

■ Undoubtedly, Pennsylvania has a compelling interest in enforcing the provisions of the Vehicle Code to protect its citizens from the dangers posed by drunk drivers. *Occhibone v. Commonwealth,* 542 Pa. 588, 669 A.2d 326 (1995). Moreover, the Compact, to which both New Jersey and Pennsylvania are the party states, was enacted to "[p]romote compliance with the laws, ordinances and other administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles." 75 Pa.C.S. § 1581(b)(1). Under *Baker by Thomas,* therefore, the order of the New Jersey Municipal Court prohibiting the use of Gies' New Jersey guilty plea and conviction in a subsequent civil proceeding does not govern the license suspension proceeding in Pennsylvania.

The facts in this matter are similar to those in *Rigney v. Edgar,* 135 Ill.App.3d 893, 90 Ill.Dec. 548, 482 N.E.2d 367 (1985). In *Rigney,* the driver licensed in Illinois entered a plea of nolo contendere in Georgia to the charge of driving under the influence of alcohol. Based on the notification of the disposition of the driver's offense by Georgia pursuant to the Compact, to which both Georgia and Illinois were the party states, the Illinois Secretary of State suspended the licensee's operating privilege for one year. In the subsequent proceeding, the licensee presented the affidavit of the Georgia municipal court judge, which stated that under Georgia law, an accepted plea of nolo contendere did not constitute a conviction and would not result in suspension. In addition, Georgia law provided that a plea of nolo contendere should not be used in any civil disqualification.

In rejecting the licensee's argument that Illinois must give effect to Georgia law under the full faith and credit clause of the United States Constitution, the Appellate Court of Illinois stated:

The full faith and credit clause 'does not require a State to subordinate its public policy with respect to persons and their actions within its borders to the laws of any other State, where the enforcement of the right conferred elsewhere would be obnoxious to the public policy of the forum.' ... The policy of Illinois with respect to drunk drivers is expressed in the statute requiring a mandatory one-year driver's license revocation. ... The interest of Illinois in regulating the conduct of its licensed drivers is clearly paramount to the Georgia interest. Plaintiff resides in Illinois and the risk caused by plaintiff's driving substantially concerns Illinois residents. To require defendant to apply more lenient Georgia statutes to plaintiff's offense would be contrary to sound policies of the Driver License Compact.

*Id.* at 900, 90 Ill.Dec. at 553, 482 N.E.2d at 372 (citations omitted).

Like Illinois, Pennsylvania has adopted a strong policy of protecting its citizens from drunk drivers by enacting Section 1532(b)(3) of the Vehicle Code which mandates a one-year suspension of operating privilege for a conviction of driving under the influence of alcohol or controlled substance. Giving effect to the more lenient New Jersey Court Rule 7:6(a)(1) and the New Jersey Court order entered thereunder, as urged by Gies, would be contrary to not only the policy of this Commonwealth against drunk drivers but also the purpose of the Compact. We hold, therefore, that the full faith and credit clause of the United States Constitution is inapplicable in this matter and that Pennsylvania is not bound by the order of the Longport

Borough Municipal Court of New Jersey precluding the admission of the evidence in question in the subsequent proceeding.

Accordingly, the order of the trial is affirmed.

## ORDER

AND NOW, this 3rd day of April, 2001, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

FRIEDMAN Judge, Concurring.

I concur in the result reached by the majority. However, I write separately because the majority's analysis of the Full Faith and Credit Clause of the U.S. Constitution [1] erroneously assumes that a New Jersey driver can avoid a license suspension under New Jersey law by entering a guilty plea with a civil reservation. Indeed, the majority states that this court will *not* give full faith and credit to New Jersey's guilty plea with civil reservation because it is "more lenient" and "would be contrary to not only the policy of this Commonwealth against drunk drivers but also the purpose of the Compact." (Majority op. at 803.) That is simply not the case.

A guilty plea with civil reservation is governed by New Jersey Rule of Court 7:6–2(a)(1), which provides: "Upon the request of the defendant, the court may, at the time of the acceptance of a guilty plea,

order that the plea shall not be evidential in any civil proceeding...." However, in New Jersey, the effect of such a court order in a DUI case is *not* that the licensee avoids the forfeiture of his or her right to operate a motor vehicle in New Jersey. The civil reservation provision of the court order applies *only* in civil actions brought by a third party against the licensee for damages arising out of the incident leading to the licensee's conviction for DUI. *See State v. LaResca,* 267 N.J.Super. 411, 631 A.2d 986 (1993).

Indeed, a conviction for DUI in New Jersey carries with it a mandatory sentence. For a first offense, the licensee is subject to a fine, a period of detainment in an Intoxicated Driver Resource Center and, possibly, a term of imprisonment. N.J.Stat. § 39:4–50(a)(1). In addition, the licensee "shall forthwith *forfeit his right to operate a motor vehicle* over the highways of this State for a period of not less than six months nor more than one year." [2] *Id.* (emphasis added). This mandatory forfeiture of the right to drive in New Jersey is *not a civil consequence* of the licensee's conviction for DUI; it is part of the licensee's sentence for criminal behavior.

Under the Full Faith and Credit Clause, we would give full faith and credit to New Jersey's civil reservation provision based on the manner in which the provision is used in New Jersey. Because the civil

---

1. The Full Faith and Credit Clause provides: Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
   U.S. Const., art. IV, § 1. Pursuant to this clause, Congress has prescribed as follows: Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every

court within the United States and its Territories and Possessions *as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.* 28 U.S.C. § 1738 (emphasis added).

2. A licensee convicted of driving under the influence of alcohol in Pennsylvania does *not* receive a license suspension as part of his or her sentence pursuant to section 3731 of the Vehicle Code. *See* section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731.

reservation provision has nothing to do with a licensee's avoidance of a license suspension in New Jersey, it can have nothing to do with the avoidance of a license suspension in Pennsylvania. Thus, contrary to the majority opinion, New Jersey's civil reservation provision is *not* "more lenient" with respect to drunk drivers; it is *not* contrary to the Commonwealth's policy against drunk drivers; and it is *not* contrary to the purpose of the Compact.

Nevertheless, I would also affirm.