**Thomas STRAIN**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2001.
Decided Oct. 9, 2001.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Patrick J. Grimes, Philadelphia, for appellee.

Before DOYLE, President Judge, McGINLEY, J., and McCLOSKEY, Senior Judge.

DOYLE, President Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Philadelphia County sustaining the statutory appeal of Thomas Strain (Licensee) from a one-year suspension of his driving privilege imposed by DOT pursuant to Sections 1532(b)(3) [1] and 1581 [2] of

---

1. Section 1532(b)(3) provides that DOT "shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) ... or substantially

the Vehicle Code (Code), 75 Pa.C.S. §§ 1532(b)(3) and 1581. For the reasons that follow, we reverse the order of the trial court.

The facts underlying this case are not in dispute. On August 21, 2000, Licensee was arrested in the State of New Jersey and charged with driving while under the influence of intoxicating liquor (DUI), in violation of N.J.S. § 39:4–50(a). Licensee pled *guilty with civil reservation*[3] and was convicted of DUI on October 24, 2000. Pursuant to its obligation under Article III of the Compact,[4] the New Jersey licensing authority reported Licensee's conviction to DOT. DOT subsequently notified Licensee by letter dated December 7, 2000 that, in compliance with Article IV of the Compact, Licensee's New Jersey DUI conviction was being treated as a violation of Section 3731 of the Code[5] and that his driving privilege would be suspended for a period of 12 months, as mandated by Section 1532(b) of the Code.

Licensee appealed the suspension to the Court of Common Pleas of Philadelphia County (trial court), alleging that the order of the New Jersey court barred use of his plea of guilty and notice of conviction as evidence in a civil matter, and that failure to adhere to this order was a viola-tion of the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art IV, § 1.[6] The trial court agreed with Licensee and, on April 25, 2001, sustained his appeal, holding that the Full Faith and Credit Clause required the court to honor the order of the New Jersey court, barring DOT from using Licensee's conviction as a basis for the suspension of his operating privilege in Pennsylvania.

The trial court first noted the argument that a plea of guilty with civil reservation restricts DOT from using the fact of conviction as evidence in license suspension cases, and that such argument was square-ly rejected by this Court in *Bourdeev v. Department of Transportation, Bureau of Driver Licensing,* 755 A.2d 59 (Pa.Cmwlth. 2000), *petition for allowance of appeal granted,* 565 Pa. 650, 771 A.2d 1288 (2001). The trial court felt, however, that the pres-ent case was distinguishable from *Bour-deev* in that the New Jersey court order in the present case stated that neither the plea **nor the notice of conviction** could be used as evidence in any civil proceeding.

DOT argues on appeal that dis-tinguishing *Bourdeev* and its progeny in this fashion amounts to reversible error and that Licensee's conviction by way of a

---

similar offenses reported to" DOT under Arti-cle III of the Driver's License Compact of 1961 (Compact), 75 Pa.C.S. § 1581. 75 Pa. C.S. § 1532(b)(3).

**2.** Section 1581 represents Pennsylvania's en-actment of the Compact, which requires, *inter alia,* that the licensing authority of a party state report a conviction of a licensee from another party state to the licensing authority of that other state, *viz.,* the licensee's home state. 75 Pa.C.S. § 1581, art. III. One such conviction is a conviction for driving while under the influence. *Id.,* art. IV(a)(2).

**3.** New Jersey Court Rule 7:6–2(a)(1) provides that "the court may, at the time of the accep-tance of a guilty plea, order that the plea shall not be evidential in any civil proceeding." N.J. Ct. R. 7:6–2(a)(1).

**4.** New Jersey is a party state to the Compact and has codified it at N.J.S. §§ 39:5D–3 through 39:5D–14.

**5.** Section 3731(a) of the Code, 75 Pa.C.S. § 3731(a), prohibits operation of a motor ve-hicle while under the influence of alcohol, drugs, or a combination thereof, which ren-der the driver incapable of driving safely.

**6.** The Full Faith & Credit Clause provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1.

plea of guilty with civil reservation may be relied upon by DOT in suspending Licensee's operating privilege under the Compact, and that such reliance does not violate the Full Faith and Credit Clause of the United States Constitution. We agree.[7]

In *Bourdeev*, this Court determined that, although the New Jersey Rule of Court allowing a plea of guilty with civil reservation "prohibits the use of the plea itself in any civil proceeding, it does not bar introduction of evidence of the *conviction* that result[s] from the guilty plea." *Id.* at 61 (emphasis in original); *see also Breen v. Department of Transportation, Bureau of Driver Licensing*, 771 A.2d 879 (Pa.Cmwlth.2001); *Gies v. Department of Transportation, Bureau of Driver Licensing*, 770 A.2d 799 (Pa.Cmwlth.2001); *Hession v. Department of Transportation, Bureau of Driver Licensing*, 767 A.2d 1135 (Pa.Cmwlth.2001). As noted in *Bourdeev*, our Supreme Court has upheld the use of a conviction entered on a plea of *nolo contendere* as evidence in a subsequent civil matter where it was the fact of conviction, not the plea, that was the operative fact relied upon. *See Eisenberg v. Department of Public Welfare*, 512 Pa. 181, 516 A.2d 333 (1986). Drawing on this authority, our decision in *Bourdeev* compared a plea of *nolo contendere* in Pennsylvania to a New Jersey plea of guilty with civil reservation, because both pleas are designed, in part, to protect a criminal defendant from use of the plea as an admission of the defendant's guilt or liability in a civil proceeding. *See id.; Stone v. Keyport Borough Police Department*, 191 N.J.Super. 554, 468 A.2d 442 (1983). Suspension of a licensee's operating privilege under the Compact, how-

ever, does not turn on whether the licensee has admitted or denied guilt; it is the **conviction** that triggers the provisions of the Compact that mandate reporting the conviction to a party state and the subsequent suspension of the operating privilege by the home state. *See* 75 Pa.C.S. § 1581, arts. III & IV(a). As we stated in *Bourdeev*, "[c]learly, ... it is the conviction, not the guilty plea" that triggers a party state's duty to report under the Compact and "[h]ow the conviction [comes] about, i.e., judgment, admission of guilt or plea with civil reservation, is of no import." *Bourdeev*, 755 A.2d at 61, 62.

In the present case, Licensee would have us disregard *Bourdeev* and its progeny and suggests that these rulings are based on "faulty logic." In support of this contention, Licensee directs our attention to a case decided by the Supreme Court of New Jersey, *Gallo Asphalt Co. v. Sagner*, 71 N.J. 405, 365 A.2d 932 (1976), in which the guilty pleas of two defendants and their related convictions were barred as evidence in a subsequent civil proceeding. The *Gallo* Court, however, was concerned with the use of the pleas and subsequent convictions as evidence of *admissions of guilt*. Here, we are not concerned with whether Licensee has admitted guilt: the operative fact to be relied on in license suspension cases under the Compact is whether there has been a conviction, regardless of how it was entered. Also, the New Jersey court order at issue here, which proposes to disallow use of the conviction as evidence, does not present a "novel twist" as suggested by the trial court: this Court addressed a virtually

---

7. Our standard of review is to determine whether the trial court's findings of fact are supported by competent evidence and whether the trial court abused its discretion or committed an error of law in reaching its decision. *Carlin v. Department of Transportation, Bureau of Driver Licensing*, 739 A.2d 656 (Pa.Cmwlth.1999), *petition for allowance of appeal denied*, 563 Pa. 678, 759 A.2d 924 (2000).

identical order from a New Jersey court in *Gies.*

In *Gies,* a Pennsylvania motorist was arrested in New Jersey for DUI. The motorist pled guilty to the offense and requested that a civil reservation attach to his plea under New Jersey Court Rule 7:6–2(a)(1). His request was granted and the New Jersey court issued an order that stated that evidence of the motorist's guilty plea *and conviction* could not be used as evidence in subsequent civil proceedings. The motorist in *Gies* contended, as does Licensee in the present case, that the Full Faith and Credit Clause of the United States Constitution requires that Pennsylvania adhere to the judicial order from New Jersey and not allow the motorist's plea or conviction to be used as evidence by DOT in suspending the motorist's operating privilege. We responded by determining that the order of the New Jersey court "prohibiting the use of Gies' New Jersey guilty plea and conviction in a subsequent civil proceeding [did] not govern the license suspension proceeding in Pennsylvania." *Gies,* 770 A.2d at 803. In so ruling, we relied on a case decided by the Supreme Court of the United States, *Baker v. General Motors Corp.,* 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998), in which the Court stated that "[r]ecognition, under full faith and credit, is owed to dispositions [a state] has authority to order. But a [state's] decree cannot command obedience elsewhere on a matter the [state] ... lacks authority to resolve." *Id.* at 240–41, 118 S.Ct. 657. The Supreme Court went on to hold that Full Faith and Credit does not allow one state to determine what may be admitted as evidence in another state in a separate proceeding involving different parties. We reasoned that, because DOT was not a party to the proceeding in which the civil reservation was granted, the New Jersey court order granting it could not bar DOT from relying

on the conviction in the subsequent suspension of the motorist's operating privilege.

Here, DOT correctly points out that, as in *Gies,* there was no violation of Full Faith and Credit because New Jersey does not have authority to determine what may be admitted into evidence in this separate proceeding since DOT was not a party to the original proceeding in which Licensee was granted the civil reservation. We see no reason to disregard our holdings in *Bourdeev* or *Gies.*

Furthermore, this Court has made it clear that this Commonwealth has a "paramount interest in regulating the conduct of its drivers by deterring incidents of drunken driving ... [and] that the guilty plea with civil reservation in New Jersey cannot be used to thwart the suspension of [a licensee's] driving privileges." *Bourdeev,* 755 A.2d at 62; *see also Breen; Gies; Zalewski v. Department of Transportation, Bureau of Driver Licensing,* 767 A.2d 19 (Pa.Cmwlth.2001). An attempt to bypass this compelling public policy by having a court order crafted to exclude a conviction as evidence in a license suspension proceeding will not be given effect.

Accordingly, the order of the trial court sustaining Licensee's appeal from the suspension of his operating privilege is hereby reversed.

### ORDER

**NOW,** October 9, 2001, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed.