**Michael K. DENNERY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 25, 2002.

Decided Feb. 22, 2002.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

Before FRIEDMAN, Judge, LEAVITT, Judge and FLAHERTY, Senior Judge.

FRIEDMAN, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the December 1, 2000 order of the Court of Common Pleas of Philadelphia County (trial court), which granted the appeal of Michael K. Dennery (Licensee) and rescinded DOT's order imposing a one-year driver's license suspension. We reverse.

On April 27, 1999, Licensee was convicted in New Jersey for driving under the influence of alcohol (DUI). When DOT received notice of the DUI conviction from the state of New Jersey, DOT suspended Licensee's driver's license for one year pursuant to the Driver's License Compact, 75 Pa.C.S. § 1581. (R.R. at 21a.) Licensee filed an appeal with the trial court.

At his initial appearance before the trial court, Licensee presented a New Jersey court order dated October 17, 2000. The order stated: "The plea of guilty previously entered . . . shall be and is hereby modified to provide that such *plea* is made with a civil reservation, and the plea as so modified shall be and is accepted by this Court." (R.R. at 28a) (emphasis added). The trial court informed Licensee that it could not give full faith and credit to the October 17, 2000 order because of the holding in *Bourdeev v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 59 (2000), *aff'd*, 566 Pa. 591, 782 A.2d 539 (2001).[1] However, the trial court told Licensee that it would give full faith and credit to a New Jersey court order that placed a civil reservation on the conviction as well as the plea. The trial court gave Licensee an opportunity to obtain such an order and re-listed the case for argument. (R.R. at 16a–17a.)

■ Licensee sought and received an amended order from the New Jersey court. This amended order, dated November 28, 2000, states, "It is further Ordered pursuant to Rule 7:6–2(a)(1) of the New Jersey Court Rules that the guilty plea and the *report of conviction* shall not be

---

1. In *Bourdeev*, 755 A.2d at 61 (emphasis in original), this court stated, "While the New Jersey Rule of Court which allows a civil reservation with guilty pleas prohibits the use of the plea itself in any civil proceeding, it does not bar the introduction of evidence of the *conviction* that resulted from the guilty plea."

evidential in any subsequent civil proceeding." (R.R. at 29a.) Licensee presented this amended order to the trial court at his next appearance on December 1, 2000. The trial court decided that Licensee's case was now distinguishable from *Bourdeev* because the New Jersey court order placed a civil reservation on the report of conviction as well as the plea. (R.R. at 34a.) The trial court gave full faith and credit to the order and rescinded the one-year suspension. (R.R. at 31a.) DOT now appeals to this court.[2]

 DOT argues that the trial court erred in giving full faith and credit to the New Jersey court order. We agree.

The point of departure for a full faith and credit analysis is to ask how the courts of a particular state would treat a judgment rendered in that state. *See* 3 Chester James Antieau & William J. Rich, Modern Constitutional Law § 43.56 (2d ed.1997). The trial court treated the civil reservation on the conviction report in the November 28, 2000 court order as a means by which Licensee could avoid a driver's license suspension in Pennsylvania. Our inquiry here, then, is whether New Jersey courts would treat the civil reservation in the same manner.

In the state of New Jersey, a conviction in a motor vehicle case is not admissible as evidence against the defendant in a subsequent civil proceeding.[3] *See State v. LaResca,* 267 N.J.Super. 411, 631 A.2d 986 (1993). However, in New Jersey, a driver's license suspension is *not* a civil consequence of a conviction for DUI; rather, it is part of the licensee's sentence for criminal behavior. *Gies v. Commonwealth,* 770

A.2d 799 (Pa.Cmwlth.2001) (Friedman, J., concurring). Thus, the courts of New Jersey would *not* treat the civil reservation on the conviction report in the November 28, 1995 court order as a means by which Licensee could avoid a driver's license suspension in New Jersey.

Because the trial court erred in giving full faith and credit to the New Jersey court order, we reverse.

### *ORDER*

AND NOW, this 22nd day of February, 2002, the order of the Court of Common Pleas of Philadelphia County, dated December 1, 2000, is hereby reversed.

---

**2.** Our scope of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence, or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Gies v. Commonwealth,* 770 A.2d 799 (Pa.Cmwlth.2001).

**3.** The November 28, 2000 court order accurately reflects this evidentiary rule; however, we note that the New Jersey court improperly relied on Rule 7:6–2(a)(1) as support for the rule.