**James S. LEES, III, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 2002.

Decided Jan. 16, 2003.

Daniel R. Fallon, Downingtown, for appellant.

---

3. *See* 15 PENNSYLVANIA LAW ENCYCLOPEDIA, EVI- DENCE, § 444 (1959).

Terrance M. Edwards and Timothy P. Wile, Harrisburg, for appellee.

Before FRIEDMAN, J., SIMPSON, J., and JIULIANTE, Senior Judge.

OPINION BY Judge FRIEDMAN.

James S. Lees, III (Licensee) appeals from the July 12, 2002, order of the Court of Common Pleas of Berks County (trial court), which dismissed Licensee's statutory appeal following the suspension of Licensee's driver's license by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to sections 1532(b) and 1581 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b) and 1581. We affirm.

 DOT notified Licensee that his driver's license was suspended based on a conviction in New Jersey for driving under the influence of alcohol (DUI). Licensee appealed the suspension to the trial court, which, after a *de novo* hearing, dismissed the appeal. Licensee now appeals to this court.[1]

 Licensee argues that the trial court erred in giving full faith and credit to the New Jersey court order because, in convicting Licensee for DUI, the New Jersey court denied Licensee's motion for a jury trial and Licensee's motion to present extrapolation evidence. (R.R. at 58a.) Licensee contends that he would have had the right to a jury trial and the right to present extrapolation evidence in Pennsylvania. Thus, he argues, to give full faith and credit to the New Jersey order, which deprived Licensee of rights that he would have had in Pennsylvania, would be obnoxious to this state's public policy. We disagree.

The Driver's License Compact (Compact) is a full faith and credit statute. *See* 75 Pa.C.S. § 1581. Moreover, Pennsylvania's participation in the Compact is a statement of public policy that Pennsylvania will give full faith and credit to convictions in the courts of other states for DUI to a degree which renders the driver incapable of safe driving. Article IV(a)(2) of the Compact, 75 Pa.C.S. § 1581. The Compact makes no exception where the out-of-state courts deny a jury trial or the right to present extrapolation evidence.

Accordingly, we affirm.

### ORDER

AND NOW, this 16th day of January, 2003, the order of the Court of Common Pleas of Berks County, dated July 12, 2002, is hereby affirmed.

---

1. Our scope of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence, or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Gies v. Commonwealth,* 770 A.2d 799 (Pa.Cmwlth.2001).