Thomas NIEDERMAYER, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Argued March 13, 2002.

Decided May 1, 2002.

**410**

Craig A. Sopin, Philadelphia, for appellant.

Timothy P. Wile, Harrisburg, for appellee.

Alan J. Davis, Philadelphia, for amicus curiae, The First Judicial District.

Before COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, and LEAVITT, Judge.

OPINION BY Judge FRIEDMAN.

Thomas Niedermayer (Licensee) appeals from the April 20, 2001 order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed the one-year suspension of Licensee's driving privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to the Driver's License Compact (Compact).[1] We affirm.

On October 6, 1999, Licensee was convicted in New Jersey for driving while under the influence of intoxicating liquor (DUI), a violation of N.J.S.A. § 39:4–50(a). New Jersey reported the conviction to DOT pursuant to the Compact, and DOT notified Licensee that his driving privilege would be suspended for one year. Licensee filed a statutory appeal with the trial court, which, after a *de novo* hearing, affirmed the suspension. (Trial court op. at 2–3.)

On appeal to this court,[2] Licensee argues that the trial court judge, the Honorable William A. King, Jr., a senior judge[3] of the Municipal Court of Philadelphia assigned to preside as a judge of the Court of Common Pleas over appeals from the decisions of DOT, lacked jurisdiction[4] to hear his statutory appeal.[5]

---

1. Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581.

2. Our scope of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence, or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Gies v. Commonwealth*, 770 A.2d 799 (Pa.Cmwlth.2001).

3. The Pennsylvania Manual lists Judge King as a senior judge assigned to temporary judicial service by the Supreme Court of Pennsylvania pursuant to section 4121(b) of the Judicial Code, 42 Pa.C.S. § 4121(b). *See* 114 Pennsylvania Manual 5–20 (1999).

4. Although Licensee did not challenge the jurisdiction of the trial court until he appealed to this court, the question of jurisdiction can be raised at any time. *Church of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751 (Pa.Cmwlth.1999). In that re-gard, we note that any person whose operating privilege has been suspended has the right to appeal to the court vested with jurisdiction over such appeals by the Judicial Code. Section 1550(a) of the Vehicle Code, 75 Pa.C.S. § 1550(a). The Judicial Code vests jurisdiction over license suspension appeals in the courts of common pleas. Section 933(a)(1)(ii) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(ii). Thus, the jurisdictional question here is whether Judge King was sitting properly as a judge of the Court of Common Pleas of Philadelphia County when he decided Licensee's appeal.

5. Ordinarily, this court will not consider evidence that is not contained in the record; however, in this case, the parties do not dispute the relevant facts. Moreover, we can take judicial notice of the relevant facts here because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Pa. R.E. 201(b).

Section 16 of the "Schedule to Judiciary Article (1968 Amendments)" of the Pennsylvania Constitution governs the courts and judges of the City of Philadelphia. *See* Pa. Const., Sched. Art. V, § 16. Section 16 states, in pertinent part, that, "[u]ntil otherwise provided by law ... [t]he president judge of the court of common pleas may assign *temporarily* judges of the municipal court who are members of the bar of the Supreme Court to the court of common pleas when required to expedite the business of the court." Pa. Const., Sched. Art. V, § 16(h) (emphasis added). This provision was superseded and suspended by section 9(b) of the Act of July 9, 1976, P.L. 586 (Act 142); however, except for the phrase "until otherwise provided by law," section 9(b) contains the same language as the constitutional provision. Subsequently, section 316 of the Act of December 20, 1982, P.L. 1409, 42 P.S. § 20076, repealed the phrase "who are members of the bar of the Supreme Court." [6]

Section 4121(a) of the Judicial Code states, "Subject to general rules *any judge*[7] may be *temporarily* assigned *to another court* and may there hear and determine any matter with like effect as if duly commissioned to sit in such other

court." [8] 42 Pa.C.S. § 4121(a) (emphasis added). Section 4121(b) states that a "senior judge may, with his [or her] consent, be assigned on *temporary* judicial service pursuant to subsection (a)." 42 Pa.C.S. § 4121(b) (emphasis added).

Pursuant to the rules of statutory construction, we construe words according to their common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). The word "temporary" means, "That which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in its duration. Opposite of permanent." Black's Law Dictionary 1464 (6th ed.1990). Rule 701(f) of the Pennsylvania Rules of Judicial Administration, which governs the duration of an order of assignment, states that, "[u]nless otherwise provided in the order of assignment, the order shall continue in effect after its stated *expiration date, if any,* for such further time as may be required to complete unfinished business pending before the assigned judge on such date." Pa. R.J.A. No. 701(f) (emphasis added).

Judge King was born on April 25, 1926.[9] In December 1986, he was appointed to serve as a judge on the Municipal Court of the City of Philadelphia[10] and, in 1988,

---

**6.** We note that those judges appointed to the municipal court under the Pennsylvania Constitution who were not members of the bar of the Supreme Court were eligible to complete their terms and serve one additional term, but not thereafter. Pa. Const., Sched. Art. V, § 16(v). The term of a municipal court judge is six years. Pa. Const., Art. V, § 15(a). Thus, at the time section 9(b) was amended in 1982, all municipal court judges were members of the bar of the Supreme Court.

**7.** "Except with respect to the power to select a president or administrative judge, to appoint and remove the administrative staff of the court and to adopt rules of court and other similar matters, the term [judge] in-

cludes a senior judge." Section 102 of the Judicial Code, 42 Pa.C.S. § 102.

**8.** Section 4121(c) states, "Only a judge who is a member of the bar of this Commonwealth shall be temporarily assigned to a court to which only members of the bar of this Commonwealth may be appointed or elected pursuant to section 3101 (relating to qualifications of judicial officers generally)." 42 Pa. C.S. § 4121(c).

**9.** *See* 108 Pennsylvania Manual 465 (1987); *see also* 109 Pennsylvania Manual 474 (1989).

**10.** Article V, Section 13(b) of the Pennsylvania Constitution states that the Governor shall fill vacancies in judicial offices and that the

was elected to the court for a six-year term.[11] In 1994, Judge King began serving his second six-year term.[12] On March 14, 1994, pursuant to section 9(b) of Act 142 and section 4121 of the Judicial Code, the Honorable Edward J. Blake, President Judge of the Court of Common Pleas of Philadelphia County, issued an order "temporarily" assigning Judge King as a judge of the Court of Common Pleas to expedite the business of the Civil Section of the Trial Division. (Brief of *Amicus Curiae*, Supplemental Appendix (SA) 1.)

After retiring in 1996 at the age of seventy,[13] Judge King consented to temporary assignment as a senior judge on the Municipal Court.[14] Although Judge King had retired and no further order was entered, he continued the temporary assign-

ment as a judge of the Civil Section of the Trial Division of the Court of Common Pleas.[15] Five years later, on March 9, 2001, John W. Herron, Administrative Judge of the Trial Division of the Court of Common Pleas,[16] issued an order stating, "Effective Friday, March 9, 2001, Appeals from decisions of [DOT] will be scheduled for disposition before a judge of the Municipal Court of Philadelphia who has been assigned to preside as a Judge of the Court of Common Pleas." (Appellant's brief at A18.) On April 20, 2001, Judge King heard and decided Licensee's statutory appeal from a decision of DOT.[17]

■ We begin our analysis of Judge King's jurisdiction over DOT cases with an examination of the March 14, 1994 order of assignment. This order purports to "tem-

---

person so appointed shall serve "for a term ending on the first Monday of January following the next municipal election more than ten months after the vacancy occurs or for the remainder of the unexpired term whichever is less. ...." Pa. Const., Art. V., § 13(b).

**11.** *See* 108 Pennsylvania Manual 465 (1987); *see also* 109 Pennsylvania Manual 441, 474 (1989).

**12.** *See* 112 Pennsylvania Manual 5–10 (1995) (indicating that Judge King's term would expire in 2000).

**13.** *See* Pa. Const., Art. V., § 16(b) (stating that judges shall be retired upon attaining the age of seventy years).

**14.** Section 4124 of the Judicial Code provides that a "senior judge of the Philadelphia Municipal Court who has not been defeated for reelection or suspended or removed from office and who has served an aggregate of four years as an elected judge and who is required to retire at age 70 may, with his [or her] consent, be assigned on *temporary* judicial service *to that court.*" 42 Pa.C.S. § 4124 (emphasis added). *See* 113 Pennsylvania Manual 5–23 (1997) (listing Judge King among the senior judges); *see also* Pa. R.J.A. No. 701(a) (relating to assignment of retired judges).

**15.** In its brief, the trial court indicates that Judge King continues to serve as a judge of the Court of Common Pleas pursuant to the March 14, 1994 order. (*See* Brief of *Amicus Curiae* at 6.)

**16.** An administrative judge presides over and administers each division of a court having three or more judges. Pa. R.J.A. No. 706(d). By order dated April 11, 1986, the Supreme Court of Pennsylvania issued a Directive giving an administrative judge the power to assign individual judges to preside in certain cases in order to facilitate the speedy and proper administration of justice in the division. Pa. R.J.A. No. 706, Publisher's Note, Directive at ¶ (3)(A). "Such assignments shall be for a reasonable period of time and no judge shall, without his [or her] consent, be assigned for any unreasonable or indefinite term to any specified duty." *Id.*

**17.** Rule 701(a) of the Pennsylvania Rules of Judicial Administration states that, except for appellate senior judges, senior judge status ends at age seventy-five; however, those serving in senior judge status as of the effective date of "this rule" may continue to do so notwithstanding the age seventy-five limitation. Pa. R.J.A. No. 701(a). On April 25, 2001, five days after deciding Licensee's appeal, Judge King reached age seventy-five.

porarily" assign Judge King as a judge of the Court of Common Pleas "for the purpose of expediting the business of the Civil Section of the Trial Division." (Brief of *Amicus Curiae*, SA–1.) It is noteworthy that there is no expiration date in this order of assignment and that the order contains no words limiting the duration of the assignment in any way.[18] Thus, despite the use of the word "temporarily" in the order, we conclude that the assignment was *not* intended to be a temporary one but, rather, an assignment of indefinite duration.

■ This conclusion is supported by the fact that the trial court issued no subsequent order of assignment after Judge King retired as a Municipal Court judge upon reaching the age of seventy on April 25, 1996. Indeed, once Judge King retired at seventy years of age, he no longer held the office of Municipal Court judge and he had no constitutional right to do so. We fail to see how a "temporary" administrative order assigning a Municipal Court judge to the Court of Common Pleas can continue to have effect after the Municipal Court judge no longer holds that office. Thus, we conclude that, as a matter of law, the March 14, 1994 order of assignment expired no later than Judge King's mandatory retirement on April 25, 1996.[19]

Having concluded that Judge King was not sitting properly as a judge of the Court of Common Pleas when he heard and decided Licensee's statutory appeal, we must determine an appropriate remedy. Normally, because the trial court *did* have jurisdiction over Licensee's statutory appeal, we would vacate the judge's order and remand the case to the trial court for a hearing on the merits before another judge. However, because the Pennsylvania Supreme Court recently has disposed of the merits of the issue presented by Licensee, for the sake of judicial economy, we shall address the merits of Licensee's appeal.

■ Licensee argues that New Jersey's DUI statute is not substantially similar to the DUI offense described in the Compact. However, our supreme court now has held that the section of New Jersey's DUI statute that is relevant here proscribes conduct that is substantially similar to the conduct described in the Compact. *Scott v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 567 Pa. 631, 790 A.2d 291 (2002). Therefore, Licensee cannot prevail on the merits of this issue.

Accordingly, we affirm.

Judge SMITH–RIBNER dissents.

*ORDER*

AND NOW, this 1st day of May, 2002, the order of the Court of Common Pleas of Philadelphia County, dated April 20, 2001, is hereby affirmed.

---

18. The purpose of the assignment is to expedite the business of the Civil Section of the Trial Division of the Court of Common Pleas. However, the Civil Section will always have business.

19. Of course, after Judge King received senior judge status, the trial court had the authority to issue a subsequent order temporarily assigning Judge King as a judge of the Court of Common Pleas.