**Christy N. SLAUGHTER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 27, 2002.

Decided March 3, 2003.

Reargument Denied April 23, 2003.

Craig A. Sopin, Philadelphia, for appellant.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel, In–Charge, Harrisburg, for appellee.

BEFORE: FRIEDMAN, Judge, LEADBETTER, Judge, MIRARCHI, JR., Senior Judge.

OPINION BY Judge FRIEDMAN.

Christy N. Slaughter (Licensee) appeals from the April 17, 2002, order of the Court of Common Pleas of Philadelphia County (trial court) dismissing her statutory appeal from a one-year suspension of her driver's license, imposed by the Department of Transportation, Bureau of Driver Licensing (Department), pursuant to section 1547 of the Vehicle Code.[1] We affirm.

By official notice dated December 19, 2001, the Department informed Licensee that her driver's license was to be suspended for one year, effective January 23, 2002, based on her refusal of a request to submit to chemical testing on October 21, 2001. Licensee filed a statutory appeal with the trial court, which held a *de novo* hearing on March 15, 2002.

The Department's evidence included the testimony of a police officer, who stated that she observed Licensee enter a car, start it up and put it in gear. Licensee disputed that version of the events, stating that she had intended to walk to a friend's house, but the police officer told her to get in the car and drive away. The trial court found the police officer's testimony to be credible and held that the police officer had reasonable grounds to believe that Licensee was operating, or in actual physical control of, the vehicle. Accordingly, the trial court dismissed Licensee's appeal.

On appeal to this court, Licensee argues that the trial court judge, the Honorable Alan K. Silberstein, a commissioned judge on the Municipal Court of Philadelphia assigned to preside as a judge of the Court of Common Pleas, lacked authority to preside over her statutory appeal.[2] Relying on *Niedermayer v. Department of Transportation, Bureau of Driver Licensing*, 797 A.2d 409 (Pa.Cmwlth.2002) (en banc), Licensee asserts that Judge Silberstein was not sitting properly as a judge on the Court of Common Pleas, because the order temporarily assigning him to that position contains no expiration date.

In *Niedermayer*, a Municipal Court judge was temporarily assigned to preside as a judge of the Court of Common Pleas of Philadelphia County.[3] The 1994 assignment order contained no expiration date or words limiting the duration of the assignment. In 1996, at age seventy, the judge in *Niedermayer* retired.[4] Thereafter, the judge consented to temporary assignment as a senior judge on the Municipal Court.[5] Although the judge had retired and no further order was entered, the judge continued to preside over cases in the common pleas court. On April 20, 2001, the judge

---

1. Section 1547 of the Vehicle Code, 75 Pa. C.S. § 1547, commonly known as the Implied Consent Law, requires the Department to suspend the operating privilege of a licensee for twelve months where the licensee is placed under arrest for driving under the influence of alcohol or a controlled substance and refuses a request to submit to chemical testing.

2. Licensee frames the issue presented as "[w]hether a judge ... has jurisdiction." (Licensee's brief, at p. 4). However, the word "jurisdiction" is a term of art that generally refers to a *court's* power to decide a case or issue a decree. *See Black's Law Dictionary* 855–858 (7th ed.1999).

3. Section 4121(a) of the Judicial Code states, "Subject to general rules any judge may be temporarily assigned to another court and may there hear and determine any matter with like effect as if duly commissioned to sit in such other court." 42 Pa.C.S. § 4121(a).

4. Article V, Section 16(b) of the Pennsylvania Constitution provides that judges shall be retired upon reaching the age of seventy years. Pa. Const., Art. V, § 16(b).

5. Section 4124 of the Judicial Code provides that "a senior judge of the Philadelphia Municipal Court ... who is required to retire at age 70 may, with his [or her] consent, be assigned to temporary service to that court." 42 Pa.C.S. § 4124.

issued an order affirming the Department's suspension of Thomas Niedermayer's driving privilege.[6]

On appeal from that decision, in *Niedermayer* this court first observed that the 1994 assignment order contained no expiration date or any language limiting the duration of the temporary assignment. Despite the use of the word "temporary" in the order, the court in *Niedermayer* concluded that the assignment was not intended to be a temporary one, but was meant to be an assignment of indefinite duration. The court then stated as follows:

> [O]nce [the judge] retired at seventy years of age, he no longer held the office of Municipal Court judge and he had no constitutional right to do so. We fail to see how a "temporary" administrative order assigning a Municipal Court judge to the Court of Common Pleas can continue to have effect after the Municipal Court judge no longer holds that office. Thus, we conclude that, as a matter of law, the March 14, 1994 order of assignment expired no later than [the judge's] mandatory retirement on April 25, 1996.

*Id.* at 413 (footnote omitted).

The Department argues, *inter alia,* that the present case is factually distinguishable from *Niedermayer,* because Judge Silberstein had not reached the mandatory retirement age of seventy.[7] We agree that this distinction is significant. The court in *Niedermayer* observed (with displeasure) that the order of assignment in that case, lacking any indication of its intended duration, did not conform to the relevant statutory authority. However, the decision in *Niedermayer* cannot be construed as holding that all such flawed orders are invalid

as a matter of law. Based upon the above-quoted language, we conclude that the holding in *Niedermayer* is simply that an order assigning a Municipal Court judge to the Court of Common Pleas, having no expiration date or language limiting the duration of the assignment, expires, as a matter of law, no later than the date of the judge's mandatory retirement at age seventy. Because Judge Silberstein lawfully held the office of Municipal Court judge when he decided Licensee's appeal, *Niedermayer* is not controlling.

Accordingly, we affirm.

### ORDER

AND NOW, this 3rd day of March, 2003, the order of the Court of Common Pleas of Philadelphia County, dated April 17, 2002, is affirmed.

---

**6.** An order entered March 9, 2001, directed that appeals from decisions of the Department would be scheduled for disposition before a judge of the Municipal Court who had

been temporarily assigned to preside as a judge of the court of common pleas.

**7.** Judge Silberstein was born July 30, 1938. *See* 103 Pennsylvania Manual 500 (1976–77).